# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **FREDERIC LUBRON BIRGANS** | **CIVIL ACTION NO. 09-0926** |
| **VS.** | **SECTION P** |
| | **CHIEF JUDGE JAMES** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Frederic Lubron Birgans, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 2, 2009. Plaintiff is being detained at the Ouachita Parish Corrections Center (OPCC), Monroe, Louisiana; he is apparently in custody awaiting trial on traffic and drug charges. Plaintiff sued the State of Louisiana, Louisiana State Police (LSP) Troopers Michael Linton, John Peters, Bruce Robinson, Jason Honemann, John Nelson and Zach Crooks and, the Monroe Police Department (MPD), and MPD Officer Chris Basteard. He seeks his immediate release from unlawful detention, compensatory damages of $10,000 for each day of "illegal detention," punitive damages in the amount of $50,000,000, an injunction prohibiting routine traffic stops from escalating into narcotic and weapon searches, restoration of plaintiff's reputation, and instructions on how to press criminal charges against the defendants. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

*Background*

On January 31, 2009, plaintiff was operating a motor vehicle on I-20 near exits 114-116 in Ouachita Parish. Trooper Linton began following plaintiff and eventually pulled him over accusing him of speeding and improper lane usage. Linton asked plaintiff where he was going and if he had ever been arrested, to which plaintiff replied.

Linton advised plaintiff that he could be cited for speeding and improper lane usage and then requested permission to search plaintiff's vehicle. When plaintiff declined, Linton radioed a request for a narcotics dog. MPD Officer Basteard answered that request; his narcotics dog alerted for the presence of drugs and a search of the trunk of plaintiff's vehicle uncovered 10.5 lbs. of marijuana in plaintiff's luggage. Plaintiff was then arrested and booked and charged with the traffic violations and possession of marijuana.

Plaintiff claims: The State of Louisiana and the City of Monroe are responsible for training their officers; Trooper Linton stopped plaintiff without probable cause and his subsequent questioning of plaintiff which "... was not tailored to a traffic stop..." violated due process; Linton and Basteard conspired to violate plaintiff's freedom of movement and held him without probable cause; the officers conspired to violate plaintiff's civil rights by opening plaintiff's automobile windows prior to conducting the drug dog search of his vehicle; that the dog reacted to a green bone which had been placed in the car by one of the officers; that plaintiff was taken to Louisiana State Police Headquarters instead of to the jail for booking and plaintiff was handcuffed to a chair and "exposed to officers wearing guns..."; Linton's traffic affidavits constitute slander and conspiracy; Sgt. Crooks made false promises and otherwise tricked plaintiff into making inculpatory statements; plaintiff was not formally arraigned; he filed an

2

application for writ of habeas corpus in February but no action has been taken on his pleading; that plaintiff was illegally entrapped by the officers of the State Police and City of Monroe.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.*

3

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65.

## *2. False Arrest, False Imprisonment, Malicious Prosecution and <u>Heck v. Humphrey</u>*

In essence, plaintiff complains that he was falsely arrested and remains falsely imprisoned, and maliciously prosecuted as a result of a conspiracy entered into by and between the various defendants.

It is clear from the pleadings that plaintiff is not entitled to relief. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a

> federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. While other circuits have applied *Heck* to bar civil rights suits which call into question the validity of <u>pending</u> criminal charges [see *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1998), *cert. denied*, 523 U.S. 1073, 118 S.Ct. 1515, 140 L.Ed.2d 668 (1998); *Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir.2001); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397-98 (6th Cir.1999); *Covington v. City of New York*, 171 F.3d 117, 124-25 (2d Cir.1999); *Uboh v. Reno*, 141 F.3d 1000, 1006-07 (11th Cir.1998); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999); *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000)], the Fifth Circuit has opted for a more cautious approach.

In *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995) the Court was confronted with a civil rights complaint alleging an illegal arrest. Based upon the pleadings before the court, the Fifth Circuit concluded that at the time he filed his civil rights complaint, the plaintiff was still awaiting trial on the complained of charges. The matter came before the Fifth Circuit on the plaintiff's appeal of the district court's *sua sponte* dismissal of his civil rights claims based upon *Heck*. The Fifth Circuit noted, the "... district court held that, to the extent Mackey sought tort damages in his section 1983 action, his claim was not actionable unless and until the validity of

his conviction is called into question and therefore dismissed his claim." *Id.* Thereafter, the court concluded,

> The record <u>does not clearly reflect</u> that a successful attack on Mackey's arrests will implicate the validity of his confinement. It <u>is not clear</u> whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. <u>If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*...</u> At this point <u>it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*</u>. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be <u>difficult to determine</u> the relation, if any, between the two.

*Id.* at 746. (emphasis supplied)

Thus, it is clear that the *Heck* analysis may apply to bar civil rights suits which call into question the validity of <u>pending</u> criminal charges. The Fifth Circuit's cautious approach, that is, the use of a stay as opposed to a dismissal, has been deemed appropriate in those instances where there exists uncertainty as to whether a victory in the civil rights suit would impact the pending criminal prosecution. Nevertheless, dismissal of the civil rights suit is an appropriate response when it is clear beyond any doubt that the plaintiff's victory in his civil rights claim would necessarily implicate the validity of the pending criminal charges and of the plaintiff's arrest, prosecution and continued incarceration.

In the instant case, the plaintiff maintains that he is actually innocent of the charges that

6

are pending against him. In fact, he prays specifically that his reputation be restored concerning these "false allegations..." [rec. doc. 1, ¶IV] He contends that he is innocent of the traffic charges and he implies that he is innocent of the drug charges. He contends that the warrantless search which revealed the presence of a large amount of marijuana was not only conducted without probable cause, but was in fact the product of a police conspiracy. He seeks monetary damages for having been falsely arrested, prosecuted, and imprisoned. He seeks injunctive relief prohibiting the State of Louisiana from allowing traffic stops to escalate into narcotics investigations; and, he seeks an injunction restoring his name, "... concerning these false allegations..."

Under such circumstances, it is absolutely clear that his success in this suit would necessarily implicate the validity of the arrest, incarceration, and prosecution on the pending charges since a ruling by this court in petitioner's favor would call into question the legitimacy of the prosecution and, if read and applied liberally, would necessitate plaintiff's release from custody – relief, which he prays for but which is unavailable through a civil rights proceeding.[1]

In short, the false arrest, malicious prosecution, and imprisonment claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**IT IS RECOMMENDED** that plaintiff's civil rights complaint, insofar as it alleges false

---

[1] When a litigant contests the fact of his incarceration and seeks his immediate release from custody such claims must be asserted in an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 or §2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir.1983) . Plaintiff may not obtain his release from custody via a civil rights action filed pursuant to §1983. Further, to the extent that plaintiff may at some point attempt to seek *habeas* relief based upon his unlawful arrest, or any other reason, he is cautioned that exhaustion of available state court remedies is generally a prerequisite to asserting such claims. See 28 U.S.C. §2254.

arrest and imprisonment and malicious prosecution be **DISMISSED WITH PREJUDICE** (to their being asserted again until the *Heck v. Humphrey* conditions are met) as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.§ 1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 21st day of September, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE