UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **FREDERIC LUBRON BIRGANS** | **CIVIL ACTION NO. 09-0926** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is a civil rights Complaint [Doc. No. 1] filed by *pro se* Plaintiff Frederic Lubron Birgans ("Birgans"), pursuant to 42 U.S.C. § 1983. Birgans seeks his immediate release from "illegal detention" on traffic and drug charges, compensatory and punitive damages, and injunctive relief.

On September 21, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 5] after conducting an initial screen of Birgans's claims.

On October 9, 2009, Birgans's objection [Doc. No. 6] to the Report and Recommendation was received by the Clerk of Court.

Based on her review of the Complaint, the Magistrate Judge concluded that Birgans is, in essence, asserting false arrest, false imprisonment, and malicious prosecution claims related to his pending state criminal charges. The Magistrate Judge then recommended that the Court dismiss Birgans's claims until he could meet the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court agrees with and ADOPTS the Magistrate Judge's characterization of the alleged facts in this case and of Birgans's § 1983 claims, but, for the reasons stated below, the Court DECLINES TO ADOPT the Magistrate Judge's analysis and recommendation.

1

In *Heck*, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional . . . imprisonment or other harms caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . . , expunged . . . , declared invalid . . . , or called into question by a federal court's issuance of a writ of *habeas corpus*." *Id.* at 486-87.  On its face, *Heck* does not apply to a § 1983 plaintiff whose lawsuit relates to pending criminal charges.  However, citing to *post-Heck* decisions, the Magistrate Judge stated that the Fifth Circuit has taken the cautious approach of staying § 1983 cases "where there exists uncertainty as to whether a victory in the civil rights suit would impact the pending criminal prosecution," but allowing dismissal of such suits "when it is clear beyond any doubt that the plaintiff's victory . . . would necessarily implicate the validity of the pending criminal charges." [Doc. No. 5, p. 6].  Because Birgans claims that he is innocent and that the warrantless search of his vehicle was the result of an alleged police conspiracy, the Magistrate Judge determined that "it is absolutely clear that his success in this suit would necessarily implicate the validity of the arrest, incarceration, and prosecution on the pending charges." [Doc. No. 5, p. 7].  Thus, she recommended that his claims "be dismissed with prejudice to their being asserted again until the *Heck* conditions are met." [Doc. No. 5, p. 7 (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)].

In light of more recent Supreme Court and Fifth Circuit case law, the Court finds that the appropriate approach in this case is to stay the matter pending resolution of the state court criminal charges and, thus, DECLINES TO ADOPT this portion of the Report and Recommendation.

In a § 1983 claim, the length of the statute of limitations is the same as that for a personal injury action under state law; in Louisiana, that period is one year.  LA. CIV. CODE ART. 3492; *see*

*Wallace v. Kato*, 549 U.S. 384 (2007). However, the date that a claim accrues is governed by federal law. *Wallace*, 549 U.S. at 387. Under federal principles, "accrual occurs . . . when the plaintiff has a complete and present cause of action," and "the statute of limitations would normally commence to run from that date." *Id.* at 388 (citations and internal quotation marks omitted).

Nevertheless, the Supreme Court determined that there was "a refinement to be considered" with regard to false arrest and false imprisonment cases:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.[1] From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than the detention itself.

---

[1] The Supreme Court referred to false arrest and false imprisonment together as false imprisonment, explaining:

> False arrest and false imprisonment overlap; the former is a species of the latter. "Every confinement of the person is an imprisonment, whether it be in a common prison or in a private house, or in the stocks, or even by forcibly detaining one in the public streets; and when a man is lawfully in a house, it is imprisonment to prevent him from leaving the room in which he is." M. Newell, *Law of Malicious Prosecution, False Imprisonment, and Abuse of Legal Process* § 2, p. 57 (1892) (footnotes omitted). *See also* 7 S. Speiser, C. Krause, & A. Gans, *American Law of Torts* § 27:2, pp. 940-942 (1990). We shall thus refer to the two torts together as false imprisonment. That tort provides the proper analogy to the cause of action asserted against the present respondents for the following reason: The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process, *see, e.g.*, W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on Law of Torts* § 11, p. 54, § 119, pp. 885-886 (5th ed.1984); 7 *Speiser, supra*, § 27:2, at 943-944, and the allegations before us arise from respondents' detention of petitioner without legal process in January 1994.

*Wallace*, 549 U.S. at 388-89.

*Id.* at 389-90 (emphasis in original) (internal quotations and citations omitted). The Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process[,]" at the time of his appearance before the court. *Id.* at 397. Thus, though a plaintiff's claim for false arrest accrued at the "moment of his arrest" when "he was injured and suffered damages," "the statute of limitations did not begin to run until petitioner became detained pursuant to legal process." *Id.* at 390 n. 3 (citation omitted).

   Further, the *Wallace* Court discussed *Heck* and whether it should call for a different result. The Court explained that the "*Heck* rule for deferred accrual is called into play only when there exists . . . an 'outstanding criminal judgment'" and serves to delay "what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." *Id.* at 393. The Court refused to adopt "a principle that goes well beyond *Heck*: that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside" and then detailed the impracticality of such an extension. *Id.* Instead, the Court advised that, "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94 (citations omitted). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394 (citations omitted).

If the Court were to dismiss Birgans's claims, then his false arrest and false imprisonment claims might well prescribe prior to the resolution of his pending criminal charges. The Magistrate Judge's Report and Recommendation issued after an initial review, and the Court finds it appropriate that the Complaint shall be served on Defendants at this time. Once service is executed, this Court will take the path advised by *Wallace* and order that the case be STAYED pending the outcome of the pending criminal charges. In light of the stay, Defendants are not required to answer at this time, and Birgans may not seek a default judgment or conduct any discovery. However, all parties are required to file a status report with the Clerk of Court, notifying the Court immediately upon resolution of the pending state criminal charges.

**MONROE, LOUISIANA,** this 17th day of November, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE