UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **FREDERIC LUBRON BIRGANS** | **CIVIL ACTION NO. 09-0926** |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| **STATE OF LOUISIANA, ET AL.** | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Frederic Lubron Birgans, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 2, 2009. When he filed the suit, plaintiff was being detained at the Ouachita Parish Corrections Center (OPCC), Monroe, Louisiana, awaiting trial on felony drug charges. Plaintiff sued the State of Louisiana, Louisiana State Police (LSP) Troopers Michael Linton, John Peters, Bruce Robinson, Jason Honemann, John Nelson and Zach Crooks, the Monroe Police Department (MPD), and MPD Officer Chris Basteard. He sought his immediate release from unlawful detention, compensatory damages of $10,000 for each day of "illegal detention," punitive damages in the amount of $50,000,000, an injunction prohibiting routine traffic stops from escalating into narcotic and weapon searches, restoration of plaintiff's reputation, and instructions on how to press criminal charges against the defendants.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

***Background***

On January 31, 2009, plaintiff was operating a motor vehicle on I-20 near exits 114-116 in Ouachita Parish. Trooper Linton began following plaintiff and eventually pulled him over accusing him of speeding and improper lane usage. Linton advised plaintiff that he could be cited for speeding and improper lane usage and then requested permission to search plaintiff's vehicle. When plaintiff declined, Linton radioed a request for a narcotics dog. MPD Officer Basteard answered that request; his narcotics dog alerted for the presence of drugs and a search of the trunk of plaintiff's vehicle revealed the presence of 10.5 lbs. of marijuana in plaintiff's luggage. Plaintiff was then arrested and booked and charged with the traffic violations and possession of marijuana.

In the complaint, plaintiff claimed that Trooper Linton stopped him without probable cause and his subsequent questioning of plaintiff, which "... was not tailored to a traffic stop...", violated due process. He also claimed that Linton and Basteard conspired to violate plaintiff's freedom of movement and held him without probable cause and, that the officers conspired to violate plaintiff's civil rights by opening plaintiff's automobile windows prior to conducting the drug dog search of his vehicle. He also claimed that the dog reacted to a green bone which had been placed in the car by one of the officers. Plaintiff complained that he was taken to Louisiana State Police Headquarters instead of to the jail for booking and that he was handcuffed to a chair and "exposed to officers wearing guns...". He complained that Linton's traffic affidavits constituted slander and conspiracy and that Sgt. Crooks made false promises and otherwise tricked plaintiff into making inculpatory statements. Finally, he alleged that he was illegally entrapped by the officers of the State Police and City of Monroe.

***Procedural Background***

On November 17, 2009, the Court ordered service of process and a stay of the

proceedings pending the outcome of the criminal charges. [Doc. 7] On February 19, 2010, the defendants submitted a certified copy of the minutes of the Fourth Judicial District Court in the matter of *State of Louisiana v. Frederic Lubron Birgans*, No. 09-F-000298. According to the minutes of court for February 5, 2010, plaintiff was found guilty of possession of marijuana with intent to distribute; his sentencing has been scheduled for May 3, 2010. [Doc. 22]

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. False Arrest, False Imprisonment, Malicious Prosecution and <u>Heck v. Humphrey</u>

Plaintiff complains that he was falsely arrested, falsely imprisoned, and maliciously prosecuted as a result of a conspiracy entered into between the various defendants. Plaintiff was, however, ultimately convicted of the charges that resulted in his arrest, incarceration, and prosecution. Therefore, his claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In *Hudson v. Hughes*, 98 F.3d 868 (5th Cir.1996), the plaintiff, like the plaintiff herein, contended that he was falsely arrested because the arresting officer lacked probable cause to arrest and search him. The plaintiff in Hudson was arrested and found to be in possession of a

firearm. The Fifth Circuit determined that a plaintiff's false arrest claim was barred by *Heck* because,

> If proved Hudson's false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. <u>Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the 'fruit' of an illegal arrest</u>. See *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir.1995). <u>Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case</u>: the police discovered the firearm in Hudson's possession when he was knocked from his bike during the burglary arrest and <u>we see no reason reflected in the record before us to believe that the police would have discovered the firearm had they not arrested Hudson for burglary. Thus, because a successful section 1983 action for false arrest on burglary charges necessarily would imply the invalidity of Hudson's conviction as a felon in possession of a firearm, *Heck* precludes this claim</u>.

*Hudson*, 98 F.3d at 872 (emphasis supplied)

The instant civil action presents a virtually identical claim. Plaintiff claims that his arrest and the search of his vehicle was unlawful. In order to prevail on that claim, he, like the plaintiff in *Hudson*, must demonstrate that his arrest lacked probable cause. Compare *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995).

The ten and one-half pounds of marijuana seized during the search of plaintiff's automobile and luggage led to his conviction on the charge of possession with intent to distribute. Therefore, his claims of false arrest and unlawful search and seizure, if successful, would necessarily call the validity of the conviction into question. Compare, *Queen v. Purser*, 109 Fed. Appx. 659, 660, 2004 WL 1879999, *1 (5th Cir.2004)(unpublished)("[Plaintiff] contends that the district court abused its discretion in dismissing his unlawful arrest claim under *Heck* because the claim does not necessarily implicate the validity of his conviction. In order to prevail on his claim, [plaintiff] must show that [the defendant] lacked probable cause to arrest

him. See *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995). [Plaintiff's] false arrest claim necessarily challenges whether the evidence seized by [the defendant], which led to his conviction, supplied probable cause for his arrest. [Plaintiff's] false arrest claim is therefore barred by *Heck*.")

In the instant case, the plaintiff maintained that he was actually innocent of all the pending charges. He prayed specifically that his reputation be restored concerning these "false allegations..." [rec. doc. 1, ¶IV] He contended that the warrantless search which revealed the presence of a large amount of marijuana was not only conducted without probable cause, but was in fact the product of a police conspiracy.

Under such circumstances, it is absolutely clear that his success in this suit would necessarily implicate the validity of the arrest, incarceration, prosecution, and conviction since a ruling by this court in his favor would call into question the legitimacy of all aspects of his arrest, prosecution, and conviction. (Clearly, success in this action would call into question the validity of plaintiff's conviction since if he could establish that the arresting officers lacked probable cause to stop him and lacked probable cause to search his vehicle, then he would have been able to suppress the marijuana and the instant conviction would surely not have ensued.)

Here, plaintiff does not allege that his recent conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of *habeas corpus*; therefore, the false arrest, malicious prosecution, and false imprisonment claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint, insofar as it alleges false

arrest and imprisonment and malicious prosecution be **DISMISSED WITH PREJUDICE** (to their being asserted again until the *Heck v. Humphrey* conditions are met) as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.§ 1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 26th day of April, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE